IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

The Trustees for THE IRON WORKERS
ST. LOUIS DISTRICT COUNCIL PENSION
TRUST,

    Plaintiffs,

v.

LE RAE M. EDWARDS,

    Defendant.                               Case No.  10-cv-73-DRH

**ORDER**

**HERNDON, Chief Judge:**

There is no absolute right to appointment of counsel in a civil case. ***Hudson v. McHugh***, **148 F.3d 859, 862 n.1 (7th Cir. 1998)**. When facing the decision of whether to appoint counsel in a civil matter, the Court must make the following inquiries: "(1) has the indigent [movant] made reasonable efforts to retain counsel or been effectively precluded from making such efforts before requesting appointment" and "(2) given the difficulty of the case, [does the movant] appear to be competent to [litigate] it himself." ***Pruitt v. Mote***, **503 F.3d 647, 654-55 (7th Cir. 2007) (citations omitted) (stating that counsel, if warranted, should be provided not only for the purposes of trying a case, but for the "tasks that normally attend**

**litigation" such as discovery and motions practice)**.  As the Seventh Circuit has clarified, the Court should not ask whether appointed counsel could "present the case more effectively than the pro se plaintiff," but "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  ***Id.* at 655**.  Because the Seventh Circuit has recognized that there may not be a well-developed record available for the court to review when considering a motion to appoint counsel, it has directed district courts to approach the motion in a "practical" way, making the decision "in light of whatever relevant evidence is available on the question" when the motion is brought.  ***Id.***

In this case, Defendant stated on record her various unsuccessful attempts to obtain counsel.  The Court hereby construes the Defendant's statements regarding counsel as a Motion to Appoint Counsel.  Further, the Court had opportunity to observe Defendant during two separate court hearings and makes note of the fact that she has suffered some traumatic brain damage as a result of her injuries sustained in a automobile accident several years ago.  As such, the Court does not find it likely that Defendant will be able to effectively proceed pro se in this matter, given the legal complexity of the issues involved herein.  Lastly, because this matter also has made the Court privy to Defendant's financial information, it is clear she qualifies as indigent.  Thus, it finds under ***Pruitt*** that the requisite elements are

met in order for the Court, in its discretion, to decide to appoint counsel to represent Defendant, pro bono, in this matter.

Accordingly, the Court hereby grants Defendant's Motion to Appoint Counsel and **APPOINTS** attorney Douglas A. Antonik of Antonik Law Offices, Mt. Vernon, Illinois 62864, to serve as representative counsel, pro bono, for defendant Le Rae M. Edwards in this matter.

**IT IS SO ORDERED.**

Signed this 12th day of February, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**